**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANK DONTRELL WASHINGTON, JR.,<br><br>    Defendant. | No. 16-CR-1029-LRR<br><br>**ORDER** |

_____

*TABLE OF CONTENTS*

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.*   *RELEVANT PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . *1*

*III.*  *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *A.*    *Arrest to Indictment* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *B.*    *Indictment to Trial* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
    *C.*    *Prejudice* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

*IV.*  *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

## *I. INTRODUCTION*

The matter before the court is Defendant Frank Dontrell Washington, Jr.'s "Motion to Dismiss Indictment for Violation of Speedy Trial Act" ("Motion") (docket no. 25).

## *II. RELEVANT PROCEDURAL BACKGROUND*

On June 9, 2016, a Complaint was filed against Defendant, charging Defendant with possession with intent to distribute marijuana. *See United States v. Frank Dontrell Washington, Jr.*, 16-MJ-168-JSS ("Magistrate Case") (docket no. 2). That same date, Defendant was arrested in connection with the Complaint. *See* Magistrate Case (docket no. 6). On June 10, 2016, Defendant appeared before the court for an initial appearance on the Complaint. *See* Magistrate Case (docket no. 9). On June 14, 2016, Defendant

appeared before the court for a preliminary hearing and detention hearing, after which Defendant was released under pre-trial conditions. *See* Magistrate Case (docket nos. 14, 15).

On July 12, 2016, the grand jury returned a one-count Indictment (docket no. 2) charging Defendant with possession with intent to distribute a controlled substance within a protected location, in violation of 21 U.S.C. §§ 841(a)(1) & 860(a). That same date, on the government's motion (docket no. 3), the court issued a writ of habeas corpus ad prosequendum (docket no. 5) commanding the United States Marshals Service and Dubuque County Sheriff to produce Defendant—who was, at the time, in custody at the Dubuque County Jail on unrelated state charges—for an initial appearance and arraignment on the charges alleged in the Indictment. On July 22, 2016, the writ of habeas corpus ad prosequendum was returned unexecuted on grounds that "Dubuque County will not release to writ at this time." *See* docket no. 8. On September 30, 2016, the United States Marshals Service arrested Defendant pursuant to a July 1, 2016 arrest warrant relating to Defendant's alleged violation of pre-trial release. *See* docket no. 10. On October 3, 2016, Defendant appeared before the court for an initial appearance and arraignment on the Indictment, at which time he pleaded not guilty. *See* Oct. 3, 2016 Minute Entry (docket no. 14). On October 13, 2016, Defendant's pre-trial release was revoked. *See* Oct. 13, 2016 Order (docket no. 22). Defendant's jury trial is set for December 5, 2016. *See* Final Trial Scheduling Order (docket no. 31). On October 31, 2016, Defendant filed the Motion. On November 9, 2016, the government filed a Resistance (docket no. 32). On November 11, 2016, Defendant filed a Reply (docket no. 33). Defendant requests a hearing on the Motion, but the court finds that a hearing is unnecessary. The matter is fully submitted and ready for decision.

## III. ANALYSIS

In the Motion, Defendant moves to dismiss the Indictment with prejudice due to a violation of the Speedy Trial Act ("STA"). *See* Motion at 1. Specifically, Defendant argues that the STA was violated by: (1) the passage of more than thirty days between his arrest and indictment and (2) the passage of more than seventy days between his indictment and trial date. *See id.* The government argues that dismissal is inappropriate, despite the passage of thirty days, because the Complaint and Indictment allege different offenses and because the Complaint would have only been subject to dismissal without prejudice, such that it would not bar the subsequent filing of the Indictment. *See* "Brief in Support of Resistance" ("Government Brief") (docket no. 32-1) at 4-13. The government also argues that there was no STA violation between indictment and trial because Defendant has incorrectly calculated the relevant time period. *See id.* at 13-14.

### A. Arrest to Indictment

Under the STA, an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served a summons in connection with such charges." 18 U.S.C. § 3161(b). This period is extended by thirty days if there is no grand jury session within the first thirty days after the defendant's arrest, *see id.*, and certain categories of delay are excluded from computation of the thirty-day period, *see id.* § 3161(h).

In the instant case, Defendant was arrested in connection with the Complaint on June 9, 2016. The Complaint charged Defendant with possession with intent to distribute marijuana. The grand jury returned the Indictment against Defendant on July 12, 2016. The Indictment charges Defendant with possession with intent to distribute marijuana within a protected location. Thirty-three days elapsed between Defendant's arrest and the

filing of the Indictment.¹ The government concedes that no extension is warranted for lack of a grand jury session within the thirty-day period. *See* Government Brief at 2 n.2. Furthermore, the parties have pointed to no circumstances excluding time from the thirty-day period and the court is aware of none.

The STA provides that, "in the case of [a defendant] against whom a complaint is filed charging such [defendant] with an offense, no indictment or information is filed within the time limit . . . , such charge against [the defendant] contained in such complaint shall be dismissed." 18 U.S.C. § 3162(a)(1). The government argues that, because the Indictment charges Defendant with possession with intent to distribute marijuana within a protected location, it is not subject to dismissal because it was not contained in the Complaint, which only charged Defendant with possession with intent to distribute marijuana absent the protected location enhancement. *See* Government Brief at 4-10. The court must determine whether the charge in the Indictment is the same as the charge in the Complaint, such that the Indictment is subject to dismissal under the STA.

As a general matter, the circuits are in agreement that the STA "requires the dismissal of only those charges that were made in the original complaint that triggered the thirty-day time period." *United States v. Oliver*, 238 F.3d 471, 473 (3d Cir. 2001) (citing cases from numerous circuits, including the Eighth Circuit). However, the parties have cited no Eighth Circuit authority analyzing whether an indictment states the same charge as a complaint under the STA, and the court is aware of none. Circuits addressing the issue have arrived at different methods for making such determinations. Some circuits recognize a "gilding exception," wherein a purportedly distinct offense in an indictment

---

¹ The government correctly points out that the thirty-day period expired on Saturday, July 9, 2016, such that the government was entitled to file the Indictment by Monday, July 11, 2016 without violating the STA. *See* Government's Brief at 2 n.1 (citing Fed. R. Crim. P. 45(a)(1)(C)). In any event, the government did not file the Indictment until July 12, 2016—one day after the relevant period expired.

4

is subject to dismissal under the STA if it simply alleges the same offense from the complaint "in more detail." *United States v. Bailey*, 111 F.3d 1229, 1236 (5th Cir. 1997); *accord United States v. Andrews*, 790 F.2d 803, 809 (10th Cir. 1986); *United States v. DeTienne*, 468 F.2d 151, 155 (7th Cir. 1972). The gilding exception functionally applies the "same-elements test" used in double jeopardy cases, such that an offense in an indictment is subject to dismissal if that offense and the offense charged in the complaint do not each include an element not contained in the other. *See Bailey*, 111 F.3d at 1236. Other circuits "question whether [the gilding exception] even exists," *United States v. Watkins*, 339 F.3d 167, 177 (3d Cir. 2003), or decline to apply the gilding exception in any but the most narrow of circumstances, *see United States v. Gaskin*, 364 F.3d 438, 456 (2d Cir. 2004).

Met with these different views, the court finds the Second Circuit's thorough and well-reasoned opinion in *Gaskin* to be the most compelling. In *Gaskin*, the Second Circuit identified that, while the Double Jeopardy Clause protects defendants from cumulative or successive punishments for the same crime, the STA's "concern is that charges actually pending against a defendant be promptly processed." *Id.* at 454-55. Under the STA, the government has thirty days to "make good" on its pursuit of the charge alleged in the complaint after it "publicly pronounce[s] that it has probable cause to believe that" the defendant committed the alleged offense. *Id.* at 455. However, by pronouncing that it has probable cause to support a lesser offense, the government does not simultaneously pronounce that it "has probable cause to support the additional elements of any greater offense." *Id.*[2] "Until there is such a formal public accusation, there is no Speedy Trial

---

[2] As the *Gaskin* court recognized, the same conclusion does not hold true when the charge in the complaint is the greater offense and the charge in the indictment is a lesser-included offense, since by asserting probable cause for the greater offense, the government does simultaneously assert probable cause for the lesser-included offense. *See Gaskin*, 364

(continued…)

Act interest in compelling the government to seek indictment on uncharged greater offenses within thirty days of charging lesser-included ones," even though both offenses would be considered the same offense in the double jeopardy context. *Id.* In short, an indictment charging an offense "that add[s] elements to the government's burden of proof beyond those required for the lesser included charges in a complaint" does not violate the STA if filed more than thirty-days after the complaint. *Id.* at 456.

Defendant argues that *Gaskin* is inapplicable to the instant case because, in *Gaskin*, the indictment embraced additional conduct not present in the complaint, whereas here the alleged conduct is the same in both the Complaint and the Indictment despite the presence of the additional protected location element. *See* Reply at 5-6. However, *Gaskin* expressly rejects Defendant's argument by refusing to premise dismissal on "overlapping or even identical facts" between a complaint and indictment and, instead, focusing on "proof of elements distinct from or in addition to those necessary to prove the crimes pleaded in the complaint." *Gaskin*, 364 F.3d at 453; *see also United States v. Giwa*, 831 F.2d 538, 543 (5th Cir. 1987) (affirming non-dismissal under the STA where "[t]he offenses for which [the defendant] was arrested and indicted, while arising from the same criminal transaction, are separate and distinct offenses requiring proof of different elements . . . .").

Defendant also argues that adherence to *Gaskin* leads to a "bizarre result." Reply at 6. *Gaskin* stands for the proposition that, where a complaint charges a lesser-included offense and an indictment charges a greater offense after the expiration of the thirty-day STA period, there is no STA violation and the indictment charging the greater offense is

---

²(…continued)
F.3d at 453 ("[C]harges that are distinct under double jeopardy analysis will always be distinct for purposes of § 3162(a)(1). But greater and lesser included offenses treated as one for double jeopardy purposes will not qualify as the 'same charge' under § 3162(a)(1) when the greater offense is charged after the lesser one.").

not subject to dismissal under § 3162(a)(1). From this proposition, Defendant argues that all elements of the lesser-included offense (possession with intent to distribute marijuana) must be dismissed from the Indictment because they comprise the same charge that was included in the Complaint and cannot, therefore, remain embedded within the greater offense (possession with intent to distribute marijuana within a protected location). *See id.* at 6 ("[T]he plain reading of section 3162(a)(1) requires that any [possession with intent to distribute] charge against Mr. Washington be dismissed.").[3] Severance and dismissal of all elements of the lesser-included offense from the greater offense would result in only one additional element (presence within a protected location) surviving for trial. Because proof of only the surviving element would not support a conviction, Defendant argues that application of *Gaskin* is inappropriate. *See id.* ("As the government cannot present that [lesser-included] charge, the government cannot present or prove the greater charge [implicating the protected location]."). Defendant's argument reflects a foundational misunderstanding of *Gaskin*. The flaw in Defendant's logic appears to stem from adherence to a double jeopardy analytical framework, wherein a defendant acquitted of a lesser-included offense cannot generally be convicted of the greater offense. *See Yeager v. United States*, 557 U.S. 110, 119 (2009) ("[T]he Double Jeopardy Clause precludes the Government from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial."). However, *Gaskin* considered and rejected adherence to a double jeopardy framework on grounds that the STA "does not dictate [the] broad immunity" afforded under the Double Jeopardy Clause. *Gaskin*, 364 F.3d at 455. The greater offense of possession with intent to distribute marijuana within a protected location, charged in the Indictment, is a distinct offense for STA purposes, whether or not it is

---

[3] Possession with intent to distribute marijuana (charged in the Complaint) is a lesser-included offense of possession with intent to distribute marijuana within a protected location (charged in the Indictment). *See United States v. Carpenter*, 422 F.3d 738, 747 (8th Cir. 2005).

7

distinct for double jeopardy purposes. As such, the filing of the Indictment more than thirty days after the filing of the Complaint does not result in an STA violation. Accordingly, the court shall deny the Motion with respect to the alleged thirty-day violation. Every element of the greater offense survives dismissal and the government will be permitted to present evidence on every element—including those elements comprising the lesser-included offense.

### B. Indictment to Trial

Under the STA,

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment . . . shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). As with the period between arrest and indictment, certain types of delay are excluded from the seventy-day period. *See id.* § 3161(h).

Where a defendant appears before the court on a complaint prior to the filing of an indictment charging the same offense, the seventy-day period begins running on the date the indictment is filed. *See United States v. Mancias*, 350 F.3d 800, 807-08 (8th Cir. 2003); *accord United States v. Lopez-Valenzuela*, 511 F.3d 487, 489 (5th Cir. 2007); *United States v. Stoudenmire*, 74 F.3d 60, 63 (4th Cir. 1996); *United States v. Mentz*, 840 F.2d 315, 325 (6th Cir. 1988); *United States v. Owokoniran*, 840 F.2d 373, 374 (7th Cir. 1987); *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984); *United States v. Haiges*, 688 F.2d 1273, 1274 (9th Cir. 1982); *United States v. Carrasquillo*, 667 F.2d 382, 384 (3d Cir. 1981). However, as the court noted above, here the Complaint and the Indictment charge distinct offenses for STA purposes. Therefore, although Defendant appeared on the Complaint prior to the filing of the Indictment, the court considers Defendant's appearance on the Complaint to be a distinct event unconnected to the filing

8

of the Indictment. As such, the relevant dates for commencement of the seventy-day period are July 12, 2016 (the filing of the Indictment) and October 3, 2016 (Defendant's initial appearance and arraignment on the Indictment). Because the October 3 date is the one that "last occurs," it is the relevant date for determining the government's compliance with the seventy-day period.[4] In light of the October 3, 2016 date, Defendant's trial on December 5, 2016 will land comfortably within the seventy-day period. This is so regardless of any periods that the government argues are excludable under § 3161(h). Therefore, the court need not address excludable periods at this time. Accordingly, the court shall deny the Motion with respect to the alleged seventy-day violation.

### *C. Prejudice*

For the reasons stated above, the court finds that dismissal is unwarranted in this case. However, even if dismissal was warranted, the court finds that the relevant factors would result in dismissal without prejudice.[5]

---

[4] Defendant argues that July 22, 2016—the date that the writ of habeas corpus ad prosequendum was returned unexecuted—should mark the beginning of the seventy-day period because it marks "the date the defendant should have been presented to this Honorable Court for prosecution . . . ." Brief in Support of Motion (docket no. 25-1) at 8. The court finds Defendant's argument to contradict the plain language of § 3161(c)(1), which refers to "the date the defendant *has* appeared," without any reference to a date by which the defendant *should have* appeared. *See* 18 U.S.C. § 3161(c)(1) (emphasis added); *see also United States v. Wilkerson*, 170 F.3d 1040, 1042 (11th Cir. 1999) ("[T]he statute does not say anything about the date a defendant 'should have been' brought before a judicial officer, and such an indefinite time would not function well as a triggering date for the 70-day period.").

[5] With respect to a purported thirty-day violation, the Complaint would be dismissed without prejudice and the government would have been entitled to re-allege the charge in the Indictment—such that the Indictment would not be dismissed and the Motion would be denied. *See United States v. Miller*, 23 F.3d 194, 196 (8th Cir. 1994) (recognizing that an indictment filed after a thirty-day violation shall only be dismissed if the complaint is dismissed with prejudice). With respect to a purported seventy-day violation, the
(continued…)

A violation of the STA results in the mandatory dismissal of charges. *See* 18 U.S.C. § 3162(a)(1) (where "no indictment or information is filed [after a complaint and arrest] within the time limit . . . such charge against that individual contained in such complaint *shall* be dismissed . . . ." (emphasis added)); *id.* § 3162(a)(2) ("If a defendant is not brought to trial [after indictment] within the time limit . . . the information or indictment *shall* be dismissed on motion of the defendant." (emphasis added)); *see also United States v. Porchay*, 651 F.3d 930, 946 (8th Cir. 2011); *United States v. Gamboa*, 439 F.3d 796, 801 (8th Cir. 2006). The charges may be dismissed with or without prejudice, depending on consideration of "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. §§ 3162(a)(1), (a)(2); *see also United States v. El-Alamin*, 574 F.3d 915, 922 (8th Cir. 2009). In addition to these statutory factors, the court must also consider whether the defendant is prejudiced by the STA violation. *See United States v. Becerra*, 435 F.3d 931, 935 (8th Cir. 2006) (citing *United States v. Taylor*, 487 U.S. 326, 334 (1988)).

With respect to the seriousness of the offense, the court finds possession with intent to distribute marijuana within a protected location to be a serious offense. This is so despite Defendant's suggestion that marijuana is increasingly accepted throughout the country and that Defendant did not distribute marijuana on school premises or to school children. Brief in Support of Motion at 5-6. The fact remains that possession with intent to distribute marijuana is still a federal offense, and the protected location enhancement reflects Congress's belief that any drug-related conduct in a school zone is sufficiently serious to warrant severe penalty. *See* 21 U.S.C. § 860; *see also United States v. Rowe*,

---

[5](…continued)
Indictment would be dismissed without prejudice—such that the Motion would be granted and the government would be entitled to re-allege the charge in a subsequent indictment.

911 F.2d 50, 52 (8th Cir. 1990) (regarding prior version of § 860: "Sales *to* schoolchildren directly are not the only type of drug sales which have a harmful impact on schoolchildren."). The seriousness of the offense weighs in favor of dismissal without prejudice.

With respect to the facts and circumstances leading to dismissal, the court finds that a one-day violation[6] of the thirty-day rule "due to a miscalculation of dates by the prosecutor," Government Brief at 12, weighs in favor of dismissal without prejudice. There is no indication of bad faith on behalf of the government and STA violations are extremely rare in this district. Likewise, the circumstances of any violation of the seventy-day rule favors dismissal without prejudice because the delay was, at least in part, attributable to Defendant's own conduct on pretrial release. The United States Marshals Service was unable to execute a writ of habeas corpus ad prosequendum because Defendant was in custody in Dubuque County on unrelated state charges and Dubuque County would not release him pursuant to the writ. *See* docket no. 8. Defendant was in Dubuque County's custody because of alleged criminal activity during his pretrial release in the instant case. *Compare* Transcript of Oct. 13, 2016 Revocation Hearing (docket no. 27) at 25 (testimony that Defendant's state charges related to activity on June 23 and 24, 2016), *with* Magistrate Case (docket nos. 15, 26) (ordering Defendant's pretrial release on June 14, 2016, and continuing his pretrial release on June 23, 2016). In view of these circumstances, the court finds that Defendant shares responsibility for his inability to timely appear for arraignment on the Indictment. In any event, the court finds no indication that the government was non-diligent in pursuing his appearance. The facts and

---

[6] The calculation of a one-day violation takes into account that thirty days elapsed on Saturday, July 9, 2016, such that the period extended to Monday, July 11, 2016 pursuant to Federal Rule of Criminal Procedure 45.

circumstances of both purported STA violations weigh in favor of dismissal without prejudice.

With respect to the impact of reprosecution and prejudice to Defendant, the court finds that these factors weigh further in favor of dismissal without prejudice. Defendant was placed on pretrial release from the time of his arrest on the Complaint until October 13, 2016. *See* Oct. 13, 2016 Order (docket no. 22) (revoking pretrial release). As such, he was not subject to the burden of pretrial detention during the delays in prosecution. Defendant has made no persuasive claim that the short delays have diminished his ability to present a defense and the court finds the delays to be sufficiently short that they do not undermine the goals of the STA or the administration of justice. The negligible impact of reprosecution and the lack of prejudice to Defendant both weigh in favor of dismissal without prejudice.

Accordingly, even if the Complaint and/or Indictment were subject to dismissal due to any STA violations, they would be dismissed without prejudice and the government would be entitled to re-allege the charge in a subsequent indictment.

### IV. CONCLUSION

For the foregoing reasons, Defendant Frank Dontrell Washington, Jr.'s "Motion to Dismiss Indictment for Violation of Speedy Trial Act" (docket no. 25) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 16th day of November, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA